[No. 33320. Department One. October 27, 1955.]

LOCAL UNION 9-2521, IWA-CIO, PLYWOOD AND VENEER
WORKERS, *Respondent*, v. ABERDEEN PLYWOOD
CORPORATION, *Appellant*.[1]

*McMicken, Rupp & Schweppe* and *Mary Ellen Krug*, for
appellant.

*Houghton, Cluck, Coughlin & Henry* and *Paul Coughlin*,
for respondent.

OTT, J.—In this action, the respondent, a labor union,
sought a declaratory judgment construing certain provi-
sions of a collective bargain agreement. The appeal poses a
single question: Under the facts of this case, does the col-
lective bargaining contract between the respondent union
and the appellant employer provide for a *holiday* or for an
*additional paid vacation day*, when the Fourth of July falls
within the designated vacation period? The trial court held

[1]Reported in 289 P. (2d) 206.

that the contract provided for an additional paid vacation day. The employer appealed.

The pertinent portions of the contract, which are to be construed, read as follows:

"Article VII. HOLIDAYS. . . .

"Memorial Day, Fourth of July, Labor Day, Thanksgiving Day, Christmas Day, and New Years Day shall be recognized as paid holidays for qualified employees.

"If the holiday falls on Sunday, the following Monday shall be recognized as the holiday.

"Holiday pay shall be computed at the qualified employee's regular job rate of pay for his regular work schedule for the day so lost but not to exceed eight hours. . . .

"An employee is eligible for holiday pay if he has at least 31-day seniority prior to the holiday and works the last regularly scheduled work day before and the first regularly scheduled work day after the 'paid holiday,' unless his absence (1) is due to occupational injury or occupational illness, or (2) is excused in writing by the Company.

. . .

"Article VII-A. VACATIONS.

"All employees as defined in this agreement shall be granted one week or two weeks vacation with pay, each year beginning with 1941, subject to the following terms and conditions.

"1. To be eligible for one week's vacation the employee must have been in the continuous employ of the company for a period of not less than 39 weeks, prior to June 1st of the year during which the vacation takes place and have seniority intact at the time of his vacation. An employee who has been employed less than one year on June 1 but has worked the required 39 weeks in the preceding 12 months and has seniority intact at the time of his vacation, shall receive one week's vacation with pay.

"a. To be eligible for two weeks' vacation with pay the employee must have three (3) or more years' seniority on June 1st of the years during which the vacation takes place and have seniority intact at the time of his vacation and shall have met the qualifications for the one week of paid vacation in each succeeding year. . . .

"3. In fixing the vacation period the following steps shall be taken:

"a. In order to provide the most advantageous plant operation, the employer shall fix the vacation time of each eligible employee, and shall give and post thirty days' writ-

ten notice thereof, in order that each employee may make vacation plans. . . .

"d. The vacation period shall be between June 1st and November 1st.

"4. The vacation shall be one week of seven consecutive days. In the event the vacation week contains a holiday as defined in Article VII, the vacation week shall be extended one additional day.

"5. The amount of the vacation pay shall be one week of forty hours at the employee's straight time hourly rate in effect on the payday immediately preceding the date fixed as the start of the vacation.

"6. The vacation pay allowance will be paid to eligible employees on the payday previous to the start of the time assigned for the vacation."

Pursuant to the agreement, the appellant designated and gave proper notice, prior to June 1, 1954, that the vacation period of its employees would be from midnight July 2, 1954, to midnight July 19, 1954. The Fourth of July fell within the first week of the vacation period.

June 19, 1954, the respondent called a strike, involving another matter, which continued until September, 1954. All of appellant's employees represented by the respondent were on strike during this period.

June 30, 1954, being the last payday before the vacation period, the appellant paid all eligible employees their earned vacation pay, but paid none of them for the additional vacation day due to the holiday falling within the vacation period.

The appellant's principal contention is that, in this case, the Fourth of July was a *holiday*, and not a *vacation* day. As such, it was subject to the provisions of the contract applicable to holidays. Since the union employees did not work the last regularly scheduled work day (July 2nd) before the holiday, and did not work the first regularly scheduled work day after the holiday (in this instance, July 20th), they did not qualify for a paid holiday.

Appellant's contention is correct as to all paid holidays occurring within a regularly scheduled *work* week. However, by agreement of the parties, the holiday lost its

identity as such when it came within a *vacation* week. When the employer elects to choose a vacation week which "contains a holiday as defined in Article VII, the *vacation week* shall be extended one additional day." (Italics ours.) In such a case, the day is not recognized as a holiday, but as an additional vacation day. Having been designated as an additional vacation day, it becomes subject to the conditions of the contract governing vacations. Since all eligible employees concerned in this action were entitled to at least one week's vacation, and since the first week of the scheduled vacation contained the additional day, all employees would be entitled to an extra vacation day.

Paragraph 5 of Article VII-A specifies that for a seven-day vacation week, the employee is entitled to forty hours of pay time, and also fixes the rate of vacation pay. The contract (Article VI) contemplates a regular work schedule of "five eight-hour days commencing on Monday and ending on Friday." Hence, it follows that it was within the contemplation of the parties that, when the vacation week was extended one day, it then included an additional eight-hour day at the hourly rate of pay applicable to the eligible employee.

The judgment of the trial court is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and WEAVER, JJ., concur.

November 23, 1955. Petition for rehearing denied.